[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEALFROM FINAL DECISION OF FAMILY SUPPORT MAGISTRATE
The plaintiff appeals from a decision of Harris T. Lifshitz, family support magistrate (FSM), denying his motion dated September 27, 1994, to modify a child support order entered March 1, 1994, which ordered him to pay total child support of $126 per week plus $10 per week on an arrearage.
After a hearing, the FSM found: (1) the plaintiff failed to show a substantial change in circumstances since the March 1, 1994 order; (2) the plaintiff failed to show that the final child support order substantially deviated from the child support guidelines; and (3) the plaintiff has failed to sustain his burden of proof, as to utilization of his earning capacity by conducting a reasonably diligent search for employment and denied his motion for modification.
This court heard oral argument. A transcript of the testimony and proceedings before the FSM was not submitted to this court. The plaintiff, at the short calendar hearing, offered additional evidence, and the state's objection thereto was sustained. Thus, the court's consideration of the plaintiff's appeal must be confined to the record. General Statutes § 46b-231(n)(6).
The record consists of the plaintiff's financial affidavit and motion, a number of letters evincing the plaintiff's search for employment and the decision of the FSM. It is well settled that it is the plaintiff who bears the responsibility of providing for this court a record that will enable it to properly review his claims on appeal. The court is therefore not bound to consider any claims of the plaintiff not supported by the record.
General Statutes § 46b-231(n)(7), which provides the standard of review of a final decision of the FSM on appeal states, in part:
"The superior court may affirm the decision of the (FSM) or remand the case for further proceedings. The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of CT Page 12366 the (FSM) is: (A) in violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the (FSM); (C) made upon unlawful procedure; (D) affected by other error of law; (E) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or, (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The pro se plaintiff has made a shotgun, largely incoherent attack on the FSM's decision. He has not shown that the FSM's findings that the plaintiff failed to show a substantial change in circumstances and failed to sustain his burden of proof relating to utilization of his earning capacity were unsupported by the record. Therefore, his appeal fails as to these two findings, and the FSM's decision must be affirmed.
With respect to the ground of substantial deviation from the child support guidelines, the financial affidavit in the record reveals that the plaintiff's net income is $21.25 per week. This income is below the `self-support reserve' of $145 per week called for by the guidelines, and thus ordinarily would relieve an obligor from child support payments. The rationale for the FSM's finding that the plaintiff failed to show a substantial deviation from the child support guidelines does not clearly appear in the record.
I therefore find it necessary for the proper disposition of the plaintiff's appeal, as to this ground only, to remand the case to the FSM for an articulation of the basis of this finding.
Accordingly, the case is remanded to the FSM for articulation of the basis of his ruling that the plaintiff failed to show that the child support order of $126 per week substantially deviated from the child support guidelines. The remainder of the FSM's decision is affirmed.
Teller, J.